IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TRACY NIXON,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. **3:16-CV-597-L** |
| **GOLDMAN SACHS MORTGAGE** | § | |
| **CORPORATION,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand (Doc. 5), filed March 8, 2016. After carefully reviewing the motion, Defendant's response, the record in this case, and applicable law, the court **grants** Plaintiff's Motion to Remand, **remands** the action to the 95th Judicial District Court, Dallas County, Texas, from which it was removed, and **directs** the clerk of the court to term the other pending motions in this case (Docs. 7, 10, 12, 17).

**I.      Factual and Procedural Background**

On November 30, 2015, Plaintiff Tracy Nixon ("Plaintiff" or "Nixon") brought this action against Defendant Goldman Sachs Mortgage Corporation ("Defendant" or "Goldman Sachs") in the 95th Judicial District Court, Dallas County, Texas (Case No. DC-15-14373), and requested a bill of review to reverse the Dallas County clerk's closure of a prior cased filed by him against Goldman Sachs that was removed to federal court. On February 8, 2016, Nixon filed a motion for default judgment against Goldman Sachs and requested $10 billion in liquidated damages in a supporting Affidavit of Damages. Goldman Sachs removed the case to federal court based on diversity of

**Memorandum Opinion and Order – Page 1**

citizenship. In its Notice of Removal, Goldman Sachs asserts that the amount in controversy is satisfied because Plaintiff seeks $10 billion in damages against it in this case.

The prior state court action referred to in Plaintiff's pleadings is Case No. DC-12-14299, which was removed to federal court by Goldman Sachs based on diversity jurisdiction on January 10, 2013, *see* Civil Action No. 3:13-CV-121-K, and was assigned to United States District Court Judge Ed Kinkeade ("Judge Kinkeade"). Nixon's claims in the prior action pertained to a home mortgage, for which Plaintiff sought $371,118 in damages against Goldman Sachs. On May 14, 2013, Judge Kinkeade concluded that subject matter jurisdiction existed based on diversity of citizenship and the amount in controversy, and denied a motion to remand filed by Plaintiff. On June 28, 2013, Judge Kinkeade entered judgment in favor of Goldman Sachs and warned Plaintiff that sanctions might be imposed if he persisted in filing frivolous lawsuits.

Plaintiff alleges in his pleadings in this case that the "judgment in cause number DC-12-14299 was rendered against [him] as the result of an official mistake" because, after the case was removed, Plaintiff filed a motion for default judgment against Goldman Sachs on January 18, 2013, but the clerk failed to provide him with a notice of dismissal and notice of judgment. Plaintiff further asserts that, although the prior case was removed to federal court, the state court action remains open, and the state court has jurisdiction to grant his motion for default judgment against Goldman Sachs. It is unclear whether Plaintiff's jurisdictional allegations refer to the motion for default judgment he filed in Case No. DC-12-14299 or Case No. DC-15-14373.

After removal to this court, Plaintiff filed his Motion to Remand on March 8, 2016, contending that diversity of citizenship is lacking. On March 14, 2016, Goldman Sachs moved for summary judgment (Doc. 7), contending that Nixon's request for a bill of review has no basis in law

or fact and is barred by res judicata. On March 16 and 21, 2016, Plaintiff moved for a hearing and to disqualify one of the attorneys who represented Goldman Sachs in the prior action (Doc. 16) and requested that the court appoint counsel to represent him based on an *in forma pauperis* affidavit that he filed in state court (Doc. 21). For the reasons herein explained, the court concludes that it lacks jurisdiction over this action and must remand it to the state court from which it was removed because the amount in controversy does not exceed $75,000. The court's conclusion in this regard is based on its determination that it is apparent to a legal certainty that, under Texas law, Nixon cannot recover liquidated damages totaling $10 billion or any sum that satisfies the jurisdictional amount, even if he succeeds on his bill of review.

## II.     Motion to Remand

Nixon contends that the case should be remanded because diversity of citizenship is lacking and Defendant's removal of the case is untimely. Plaintiff also contends that Defendant's request for the court to consider his motion for default in deciding whether removal was proper is essentially an improper request for the court to construe the motion as an amended pleading.

### A.     Diversity of Citizenship

Plaintiff contends that diversity of citizenship is lacking in this case because both parties are citizens of Texas. Plaintiff's reasons for asserting that the parties are not diverse in this case are essentially the same as those that he asserted in the prior action. Nixon contends that, because Defendant maintains a business office at 100 Crescent Court, Dallas, Texas, it is a citizen of Texas. Based on the citizenship test for corporations, Plaintiff asserts that Defendant is a citizen of Texas because its principal place of business is in Texas, or it is incorporated or licensed to do business in Texas.

Defendant responds that Nixon's diversity argument—that Goldman Sachs is a citizen of Texas because it maintains an office in uptown Dallas—was previously rejected by Judge Kinkeade and fails for the same reason in this case. Defendant contends that Nixon's evidence establishes that: (1) Goldman Sachs is a limited partnership that was formed and remains organized under the laws of New York with its current principal place of business in New York; and (2) Goldman Sachs' sole partner is Goldman Sachs Real Estate Funding Corporation, which is incorporated under New York law and whose principal place of business is in New York. Defendant, therefore, asserts that it is a citizen of New York and complete diversity exists between the parties because Nixon acknowledges that he is a citizen of Texas. Defendant contends that, while it is registered to do business in Texas and maintains an office in Dallas, Texas, this activity does not make it a citizen of Texas for purposes of determining diversity jurisdiction.

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing

that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil*

*Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

Defendant is correct that a corporation's principal place of business is not necessarily the same place in which it may maintain an office because a corporation can maintain more than one office, but it can have only one principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). As explained by the Supreme Court in *Hertz Corporation. v. Friend*, a corporation's "principal place of business" is its "nerve center" or the location where its "officers direct, control, and coordinate the corporation's activities." *Id*. A corporation's principal place of business is normally "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e*., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.*

**Memorandum Opinion and Order – Page 6**

The parties rely on the same diversity arguments and evidence previously presented to Judge Kinkeade. For the reasons previously stated by Judge Kinkeade, the court determines that these documents and the evidence filed in this case establish that there is complete diversity of citizenship between the parties. Specifically, the evidence establishes that Plaintiff is a citizen of Texas; that Goldman Sachs is actually a limited partnership, not a corporation, that was formed and remains organized under the laws of New York with its current principal place of business in New York;[1] and that Goldman Sachs' sole partner is Goldman Sachs Real Estate Funding Corporation, which is incorporated under New York law and whose principal place of business is in New York.[2] Thus, there is complete diversity between the parties. The court, nevertheless, concludes that it lacks subject matter jurisdiction because Defendant has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.

B.   **Amount in Controversy**

As previously noted, when the parties are citizens of different states, a defendant can remove an action involving questions of state law only if the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). For diversity purposes, the sum claimed

---

[1] The named Defendant in this and the prior case that was sued by Plaintiff is "Goldman Sachs Corporation." In support of his motions to remand in this and the prior case, however, Plaintiff relies on Texas Secretary of State filings for "Goldman Sachs Mortgage Company" to show that Defendant is a citizen of Texas. *See* Pl.'s Mot. Remand 16 (attaching as exhibits Texas Secretary of State filings for "Goldman Sachs Mortgage Company" that were included in Defendant's Notice of Removal as Doc. 1-6). The court, therefore, assumes that the entity Plaintiff intended to sue is "Goldman Sachs Mortgage Company," not "Goldman Sachs Corporation." According to Plaintiff's evidence, "Goldman Sachs Mortgage Company" is actually a limited partnership, even though the business name does not include "the words 'Limited Partnership,' 'Limited,' or the abbreviations 'L.P.,' 'LP,' or 'Ltd.'" *Id.*

[2] The evidence relied on by Defendant in the prior action contains information regarding Goldman Sachs Mortgage Company's sole partner Goldman Sachs Real Estate Funding Corporation. *See* Def.'s App. 2 (Doc. 15, filed in Civil Action No. 3:13-CV-121-K). This evidence was not filed in this case; however, as Defendant relies on this and other evidence filed in the prior action in responding to the Motion to Remand, and the evidence consists of Texas Secretary of State filings that are publically available, the court takes judicial notice of the documents, as well as the file in Civil Action No. 3:13-CV-121-K, with respect to matters that are not in dispute.

by a plaintiff controls the court's "amount in controversy" analysis, unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount or the plaintiff cannot recover the jurisdictional amount. *See, e.g.*, *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co.*, 134 F.3d at 1253; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).

In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount," and the court may rely on "'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes omitted). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *St. Paul Reinsurance*, 134 F.3d at 1253 n.13.

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of

establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court.

In his Original Petition, Nixon does not request damages. He only seeks a bill of review to set aside the administrative order closing of his prior state court case that was entered by the state clerk after the case was removed to federal court. Goldman Sachs, nevertheless, contends that the amount in controversy is satisfied and removal was proper because Nixon included a request for $10 billion in liquidated damages in his motion for default judgment. The court disagrees.

The bill of review sought by Nixon is equitable in nature because it is based on common law principles rather than a Texas statute. *See Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015). "To obtain an equitable bill of review, a petitioner must generally plead and prove": (1) the petitioner has a "meritorious claim or defense to the judgment, (2) which the petitioner was prevented from making by official mistake or by the opposing party's fraud, accident, or wrongful act, (3) unmixed with any fault or negligence on the petitioner's own part." *Id.* (citation omitted). In a typical equitable bill of review proceeding, "the defendant has been properly served, fails to file an answer, and suffers a default judgment. The defendant seeks to set aside the judgment so that he or she may have the opportunity to defend against the allegations in the underlying suit." Patrick J. Dyer, A Practical Guide to the Equitable Bill of Review, 70 Tex. B.J. 20, 22 (2007). A plaintiff whose case has been dismissed for failure to prosecute or other reasons may also seek a bill of review. *Id.* (citing

*Wolfe v. Grant Prideco, Inc.*, 53 S.W.3d 771, 773-74 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (dismissal for failure to prosecute); *and Gonzales v. Mann*, 584 S.W.2d 928, 931 (Tex. App.— Houston [14th Dist.] 1979, writ ref'd n.r.e.) (dismissal for failure to answer interrogatories)).

Here, while Nixon contends in his motion for default judgment that he is entitled to liquidated damages in the amount of $10 billion in this bill of review proceeding, he only seeks through his bill of review to reopen his prior state court case that was removed to federal court and dismissed by Judge Kinkeade. Thus, even if Nixon prevailed on his bill of review, he would only be entitled to have his previously dismissed case reopened. Moreover, there is no basis in law or fact for his contention that he is entitled to $10 billion in liquidated damages. Under Texas common law, liquidated damages are generally those that are based on "an acceptable measure of damages that parties stipulate in advance will be assessed in the event of a contract breach." *Flores v. Millenium Interests, Ltd.*, 185 S.W.3d 427, 431 (Tex. 2005). Certain Texas statutes, none of which apply in this case, also impose liquidated damages as a penalty. *Id.* at 431-32. In its response to Plaintiff's motion for default judgment, Goldman Sachs contends, and the court agrees, that Nixon's request for $10 in liquidated damages or any amount is "absurd and improper," as it is based on "pure argle bargle, supported merely by . . . baseless, conclusory, and unqualified assertions." Def.'s Resp. to Mot. for Default J. 3. Because there is no factual or legal basis in Plaintiff's pleadings or the record to support Nixon's request for liquidated damages, the court determines that it is apparent to a legal certainty that, under Texas law, he cannot recover liquidated damages totaling $10 billion or any sum that satisfies the jurisdictional amount, even if he succeeds on his bill of review. As such, the damages in this case are simply too speculative or uncertain for the court to conclude that the amount in controversy more likely than not exceeds $75,000. *See St. Paul Reinsurance Co.*, 134 F.3d at

1253 n.13. The court, therefore, lacks subject matter jurisdiction and must remand the case to state court. Having determined that it does not have jurisdiction because the amount in controversy is not satisfied, the court need not address Plaintiff's alternate argument that removal of this case by Goldman Sachs was untimely.

## III. Conclusion

For the reasons explained, the court lacks subject matter jurisdiction over this action. Accordingly, the court **grants** Plaintiff's Motion to Remand, **remands** the action to the 95th Judicial District Court, Dallas County, Texas, from which it was removed, and **directs** the clerk of the court to term the other pending motions in this case (Docs. 7, 10, 12, 17). The clerk of the court is **directed** to effect the remand in accordance with the usual procedure.

**It is so ordered** this 14th day of July, 2016.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge

1253 n.13. The court, therefore, lacks subject matter jurisdiction and must remand the case to state court. Having determined that it does not have jurisdiction because the amount in controversy is not satisfied, the court need not address Plaintiff's alternate argument that removal of this case by Goldman Sachs was untimely.

## III. Conclusion

For the reasons explained, the court lacks subject matter jurisdiction over this action. Accordingly, the court **grants** Plaintiff's Motion to Remand, **remands** the action to the 95th Judicial District Court, Dallas County, Texas, from which it was removed, and **directs** the clerk of the court to term the other pending motions in this case (Docs. 7, 10, 12, 17). The clerk of the court is **directed** to effect the remand in accordance with the usual procedure.

**It is so ordered** this 14th day of July, 2016.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge